UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTIONE L. HARRIS,

    Plaintiff,

v.                                                                Case No. 25-cv-1567-bhl

BRETT HOMMES,

    Defendant.

## SCREENING ORDER

Plaintiff Antione Harris, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Harris' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Harris has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Harris has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $1.98. Harris' motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Harris, on August 21, 2025, he was getting his medication when Officer Brett Hommes asked him if he had ever seen the movie Planet of the Apes. Harris stated that he had seen the movie a long time ago. Hommes allegedly stated that Harris looked like the white gorilla

2

in the movie and started laughing. Harris is African American and states that he was shocked that Hommes would compare him to an ape. He explains that his grandmother was a slave and Hommes' comment opened up a lot of bad memories. Harris states he cried a lot that night and has been depressed. He asserts that he no longer feels safe at the institution.

### THE COURT'S ANALYSIS

Racially derogatory comments such as the one Hommes allegedly made to Harris are deplorable and perhaps deserving of internal discipline, but as the Seventh Circuit has explained, they do not rise to the level of cruel and unusual punishment and therefore do not violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws."). Harris therefore fails to state a claim upon which relief can be granted based on his allegations that Hommes directed a racially derogatory statement at him. *See Cunningham v. Eyman*, 17 F. App'x 449, 454 (7th Cir. 2001) (holding that "though the officers' alleged use of racially derogatory language, if true, is reprehensible, it does not violate the Constitution").

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Harris believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **December 18, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Harris' failure to state a claim in his original complaint. If Harris

3

does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Harris' motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **December 18, 2025**, Harris may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Harris a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Harris shall collect from his institution trust account the $348.02 balance of the filing fee by collecting monthly payments from Harris' prison trust account in an amount equal to 20% of the preceding month's income credited to Harris' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Harris is transferred to another institution, the transferring institution shall forward a copy of this Order along with Harris' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

4

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge